USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 2 8 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JLNW, Inc.,

        Plaintiff,

–v–

National Retirement Fund,

        Defendant.

17-CV-5095 (AJN)

MEMORANDUM
OPINION AND
ORDER

ALISON J. NATHAN, District Judge:

In this action, Plaintiff JLNW, Inc. (formerly known as Carole Wren, Inc.) ("Carole Wren"), brings claims against Defendant National Retirement Fund ("the Fund") challenging an interim arbitration award in the Fund's favor under the Multiemployer Pension Plan Amendments Act ("MPPAA"), 29 U.S.C. § 1381 *et seq.* (2012).

Currently before the Court is Defendant's motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

### I. Background

On a motion to dismiss under Rule 12(b)(6), "consideration is limited to the factual allegations in plaintiff['s] . . . complaint, which are accepted as true" as well as "documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff['s] possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). Even if a document is not incorporated by reference, the court may

1

nevertheless consider it if the complaint "relies heavily upon its terms and effect," which renders the document "integral" to the complaint. *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (1995). Similarly, on a motion to dismiss under 12(b)(1), a court may consider documents incorporated by reference in the pleadings. *See Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). Accordingly, the following statement of facts is drawn from Plaintiff's complaint, Complaint ("Compl."), Dkt. No. 5, and from several of Defendant's exhibits, which, as Plaintiff acknowledges, are incorporated by reference in Plaintiff's complaint.[1]

The Fund is a Taft Hartley Trust Fund with trustees representing both labor organizations and employers that contribute to the Fund. *Id.* ¶ 3. The Fund constitutes a multiemployer fund under the Employee Retirement Income Security Act, 29 U.S.C. § 4001 *et seq.* (2012). *Id.* ¶ 4. Carole Wren employed union members and as a result contributed to the Fund. *Id.* ¶¶ 7-8. The parties' briefings diverge slightly as to the date of Carole Wren's complete withdrawal, but both indicate it had occurred by January of 2014. *Id.* ¶ 9; Memorandum of Law in Support of Defendant National Retirement Fund's Motion to Dismiss the Complaint ("Def.'s Mot."), at 2.

On June 16, 2104, the Fund informed Carole Wren that it had assessed its liability for withdrawing from the plan at $933,163. Compl. ¶ 10; Ex. A. In a letter sent on August 21, 2014, Carole Wren challenged the Fund's assessment on two principal grounds. Compl. ¶ 11; Ex. B. On August 18, 2015, The Fund issued a revised assessment of Carole Wren's liability, which it placed at $2,419,631. Compl. ¶ 14; Ex. E. Carole Wren requested review of this revised assessment through its letter of November 12, 2015, which put forward seven challenges to the

---

[1] Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Pl.'s Resp."), at 2. These exhibits include: correspondence between the two parties, Exs. A-F, H; Plaintiff's Demand for Arbitration, Ex. G; correspondence between the American Arbitration Association and the parties, Exs. I, K, L-P; and a copy of the Interim Award, Ex. J.

assessment. Compl. ¶ 15; Ex. F at 2-6. After the Fund did not respond, Carole Wren requested arbitration before the American Arbitration Association under the MPPAA on April 29, 2016. Compl. ¶ 16; Ex. G. In its arbitration request, Carole Wren re-stated its contentions that it "challenges all aspects of the withdrawal liability claim" on a number of grounds, including "all bases set forth in its November 12, 2015 and August 21, 2014 letters to [the Fund] requesting review of the assessment." Ex. G at 2.

The parties agreed to a stipulation of undisputed facts and to move forward before Arbitrator Mark Grossman with the specific question of whether Section 4225(a) of ERISA, 29 U.S.C. § 1405, limited Carole Wren's withdrawal liability for any partial withdrawals prior to its complete withdrawal from the Fund. Compl. ¶ 18; Ex. I. The parties agreed that "all other issues will be held in abeyance." Ex. I. On June 9, 2017, the arbitrator found in favor of the Fund, finding that Section 4225(a) did not apply to any previous partial withdrawals. Compl. ¶ 19; Ex. J at 18-19. On July 7, 2017, Carole Wren filed a complaint with this Court, arguing that the arbitrator's decision had been incorrect as a matter of law and requesting: (i) that the arbitrator's June 9, 2017, decision be vacated and for the Court to find that as a matter of law Section 4225(a) does in fact apply to any prior partial withdrawals; (ii) that the Court order the Fund to reimburse Carole Wren for all withdrawal liability payments made during the pendency of the dispute above and beyond what it would owe if Section 4225(a) did, in fact, apply, as well as interest thereon; (iii) and any other relief the Court would deem appropriate. Compl. at 4.

On October 27, 2017, Defendant filed the present motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) or, in the alternative, to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Dkt. No. 14. Plaintiff filed a response on November 10, 2017. Dkt. No. 19. On November 17, Plaintiff requested oral argument on the

motion to dismiss, Dkt. No. 20, and Defendant filed a reply in support of its motion to dismiss, Dkt. No. 21.

## II. Legal Standard

Dismissal of a case under Rule 12(b)(1) is appropriate "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* On a motion to dismiss for lack of jurisdiction, a court may properly consider documents incorporated by reference in the complaint. *Amidax*, 671 F.3d at 145.

Under Rule 12(b)(6), the Court accepts all factual allegations in the complaint as true, construes the complaint liberally, and draws all reasonable inferences in plaintiff's favor. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). To survive such a motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's obligation to provide grounds for its entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III. Discussion

The principal question before the Court is whether the arbitration proceedings are sufficiently "complete" to entitle Plaintiff to judicial review. The MPPAA requires that "[a]ny dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination made under sections [governing withdrawal liability] shall be resolved through arbitration." 29 U.S.C. § 1401(a)(1). Then "[u]pon completion of the arbitration proceedings in

4

favor of one of the parties, any party thereto may bring an action, no later than 30 days after the issuance of an arbitrator's award, in an appropriate United States district court in accordance with section 1451 of this title to enforce, vacate, or modify the arbitrator's award." *Id.* § 1401(b)(2).

Defendant argues that the proceedings before the arbitrator are not complete within the meaning of § 1401(b)(2) and that therefore this Court either lacks subject matter jurisdiction over Plaintiff's claim, or, in the alternative, that for the same reason Plaintiff failed to state a claim due to failure to exhaust in arbitration. Plaintiff responds that § 1401(b)(2) is not jurisdictional. Plaintiff further contends that because the arbitrator had disposed of the "separate and independent claim" of Section 4225(a)'s applicability, the arbitration proceedings were complete within the meaning of § 1401(b)(2), primarily because that section must be read in conjunction with the Federal Arbitration Act (FAA), 9 U.S.C. §1 *et. seq.* (2012). On reply, Defendant continues to argue that this Court lacks jurisdiction, argues that the FAA does not apply to § 1401(b)(2), and argues in the alternative that even if the FAA applied, this Court would only be able to confirm—not vacate—the underlying award.

Where a court has before it motions under both Rule 12(b)(1) and 12(b)(6), "the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990). Accordingly, the Court will first determine whether 1401(b)(2)'s completion requirement is jurisdictional. Having determined that it is not, the Court will then turn to whether the arbitration in this case was sufficiently complete as to warrant review. Finally, the Court will

5

address Defendant's claim that if the FAA applied, the Court would not have authority to vacate the award for legal error.

### a. The "Upon Completion" Requirement of § 4221(b)(2) of ERISA is Not Jurisdictional

Defendant has moved to dismiss Plaintiff's complaint for lack of jurisdiction under Rule 12(b)(1) on the grounds that § 4221(b)(2) of ERISA imposes a bar on federal district court jurisdiction until after the arbitration is complete. Plaintiff responds that § 4221(b)(2)'s exhaustion requirement is prudential, not jurisdictional.

Plaintiff is correct. The Second Circuit has concluded that the MPPAA's arbitration requirement is not jurisdictional. *T.I.M.E.-DC, Inc. v. Mgmt.-Labor Welfare & Pension Funds, of Local 1730 Int'l Longshoremen's Ass'n*, 756 F.2d 939, 945 (2d Cir. 1985) ("[T]his and other circuits have held that the arbitration provisions of the MPPAA do not constitute a bar to federal jurisdiction. Rather, the requirement of exhaustion of administrative remedies in this context is a prudential matter within our discretion." (citing cases)). Other circuits have agreed. *See Bd. of Trustees of Const. Laborers' Pension Tr. for S. California v. M.M. Sundt Const. Co.*, 37 F.3d 1419, 1420–21 (9th Cir. 1994), *as amended on denial of reh'g* (Nov. 23, 1994) ("We agree with five other circuits that ERISA's arbitration clause is not a jurisdictional prerequisite to federal court review." (citing cases)).[2] The Second Circuit's ruling in *T.I.M.E.-DC* is both binding on this Court and well-supported.

---

[2] As Defendant notes, the Seventh Circuit recently treated the MPPAA's arbitration requirement as jurisdictional. *See Cent. States, Se. & Sw. Areas Pension Fund v. U.S. Foods, Inc.*, 761 F.3d 687, 689 (7th Cir. 2014). However, the court in *U.S. Foods* did so in passing, without any discussion of the nature of the requirement. *Id.* The Court is particularly disinclined to give this case weight, as the Seventh Circuit had previously found, upon closer examination, that the MPPAA's "arbitration requirement is not viewed as a jurisdictional prerequisite but rather as an administrative remedy exhaustion requirement." *Robbins v. Admiral Merchants Motor Freight, Inc.*, 846 F.2d 1054, 1056 (7th Cir. 1988).

Defendant seeks to distinguish these cases, including *T.I.M.E.-DC*, because they dealt with district courts addressing issues in the first instance—rather than a district court's intervention once arbitration proceedings have commenced. Reply in Further Support of Defendant National Retirement Fund's Motion to Dismiss the Complaint, at 5-6. Defendant provides neither support nor justification for why the requirement of "completion" would impose a prudential limitation where an arbitration proceeding has not yet taken place, but a *jurisdictional* one once arbitration has already begun. Absent any indication in the cases above or the text of the law as to why this would be so, this Court declines Defendant's invitation to depart from the Second Circuit's binding precedent.

Because § 1401(b)(2) does not limit this Court's jurisdiction, Defendant's motion to dismiss for lack of jurisdiction is denied.

### b. The Arbitration in this Case Had Reached Completion Under § 1402(b)(2)

Even if § 1401(b)(2) is not jurisdictional, it imposes an exhaustion requirement that parties complete arbitration before judicial review is appropriate. As an argument in the alternative, Defendant moved under 12(b)(6) to dismiss the complaint for failure to exhaust. Therefore, the Court must determine the meaning of "upon completion" under § 1401(b)(2) and whether the arbitration between the parties was sufficiently complete to permit judicial review.

Plaintiff argues that this section must be read in conjunction with the FAA, under which an arbitration is final if the parties have agreed to bifurcate proceedings and decide certain issues separately from others—even if other claims in the underlying dispute remain to be arbitrated. Defendant, on the other hand, maintains that the FAA's standard is inconsistent with § 1401(b)(2) since the mechanisms and scope of review are different under the two statutes, and that under the few cases properly addressing the question, an arbitration under the MPPAA is

only complete once no issues remain besides attorneys' fees.

### i. The FAA's "Finality" Requirement Is Relevant to the Meaning of Completion under § 1401(b)(2)

In order to determine which sources of law properly bear upon the meaning of "upon completion" in § 1401(b)(2), the Court must first determine the FAA's relevance. Whether the FAA is relevant here consists of a of two-part inquiry: first, whether the FAA would apply to § 1401(b)(2) in the first place; and second, whether the FAA is inconsistent with the MPPAA with respect to the meaning of "upon completion."

As to first question, the FAA—unless otherwise inconsistent—applies to § 1401(b)(2)'s completeness requirement. The MPPAA states: "Any arbitration proceedings under this section shall, to the extent consistent with this subchapter, be conducted in the same manner, subject to the same limitations, carried out with the same powers . . ., and enforced in United States courts as an arbitration proceeding carried out under [the FAA]." 29 U.S.C. § 1401(b)(3). Reading § 1401 closely and in light of the structure of the statute, the Fourth Circuit found that "the mechanisms for conducting *arbitration proceedings* are provided by the FAA and the mechanisms for *review of those proceedings* are provided by the MPPAA and the rules governing civil actions in district courts." *Freight Drivers & Helpers Local Union No. 557 Pension Fund v. Penske Logistics LLC*, 784 F.3d 210, 216 (4th Cir. 2015) (emphasis in original). While the MPPAA and the FAA provide different mechanisms for review and scope of review, the question of when an arbitration proceeding *itself* is complete falls more squarely into the category of questions to which the FAA generally applies. Unless inconsistent, the FAA would apply here.

Given this, the next question is whether the FAA's requirement that arbitral awards be final and definite is consistent with the MPPAA's requirement that arbitration decisions shall be

reviewable "upon completion." If the two are inconsistent in some way, then the FAA will not apply—though it may still have some relevance in guiding the Court's determination of a workable standard for when an arbitration is sufficiently complete for judicial review.

Turning first to the FAA, it "only permits a federal court to confirm or vacate an arbitration award that is 'final.'" *Banco de Seguros del Estado v. Mut. Marine Offices, Inc.*, 230 F. Supp. 2d 362, 368 (S.D.N.Y. 2002) (quoting *Michaels v. Mariforum Shipping, S. A.*, 624 F.2d 411, 14 (2d Cir. 1980)). Under the Second Circuit's FAA jurisprudence, as a general principle, "[i]n order to be 'final,' an arbitration award must be intended by the arbitrators to be their complete determination of all claims submitted to them." *Michaels*, 624 F.2d at 413–14. However, "an award which finally and definitely disposes of a separate independent claim may be confirmed although it does not dispose of all the claims that were submitted to arbitration." *Metallgesellschaft A.G. v. M/V Capitan Constante*, 790 F.2d 280, 283 (2d Cir. 1986); *see also Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007). While these may appear inconsistent, they are "two ways of saying the same thing: an arbitration award, to be final, must resolve all the issues submitted to arbitration, and that it must resolve them definitively enough so that the rights and obligations of the two parties, *with respect to the issues submitted*, do not stand in need of further adjudication." *Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 176 (2d Cir. 1998) (emphasis in original).

To determine if the FAA standard is consistent with the MPPAA, the Court will look to the text of the statute, the limited jurisprudence on the question, and the agency's implementing regulations. As a matter of statutory interpretation, the Court "look[s] first to the language of the statute itself." *United States v. Gray*, 642 F.3d 371, 375 (2d Cir. 2011). In conducting this inquiry, the Court is to "review the statutory text, consider[] the ordinary or natural meaning of

the words chosen by Congress, as well as the placement and purpose of those words in the statutory scheme." *Id.* (quoting *Dobrova v. Holder*, 607 F.3d 297, 301 (2d Cir.2010)). The relevant portion of the statute states that: "Upon completion of the arbitration proceedings in favor of one of the parties, any party thereto may bring an action, no later than 30 days after the issuance of an arbitrator's award, in an appropriate United States district court in accordance with section 1451 of this title to enforce, vacate, or modify the arbitrator's award." 29 U.S.C. § 1401(b)(2).

The text does not indicate either way whether completion refers to every single issue, or could instead indicate the resolution of the first element of a bifurcated proceeding. Merriam-Webster's offers relevant definitions of "complete" that include "having all necessary parts, elements, or steps," "fully carried through," and "brought to an end." *Complete*, Merriam-Webster Online Dictionary (Sep. 24, 2018), https://www.merriam-webster.com/dictionary/complete. But the completion of proceedings could refer to the "carrying through" of either all claims in arbitration or the disposition of a separate, independent subset of proceedings. The requirement that arbitration be fully carried through reflects the statute's purpose of ensuring that courts would only determine issues once they had already passed through arbitration. *See Flying Tiger Line v. Teamsters Pension Tr. Fund of Philadelphia*, 830 F.2d 1241, 1248–49 (3d Cir. 1987) ("Congress clearly designed MPPAA so that court will be the final forum for dispute resolution, and MPPAA's purposes would be undermined by the expense and delay that would be involved if litigation occurred prior to the Act's dispute resolution procedures."). Yet similar concerns animate arbitration cases generally, and this language is compatible with the Second Circuit's FAA jurisprudence, under which an arbitration award is only final once it has resolved the issues definitively enough so that they "do not stand in need of

further adjudication." *Rocket Jewelry Box*, 157 F.3d at 176. The language of § 1402(b)(2), read in context of the statue, is not inconsistent with the FAA caselaw.

There is scarce caselaw on what constitutes "upon completion" under the MPPAA. The District of Minnesota recently offered the most thorough treatment of the question, finding in the case before it that arbitration was "complete" once a dispositive issue had been resolved that rendered further proceedings unnecessary. *Genz-Ryan Plumbing & Heating Co. v. Sheet Metal Workers' Local 10*, 207 F. Supp. 3d 1038, 1041–42 (D. Minn. 2016). In an earlier decision, the Western District of Washington remarked on the lack of caselaw on the question and looked by analogy to what constituted a final judgment on the merits in the context of appeal from district court. *Bd. of Trustees of W. Conference of Teamsters Pension Tr. Fund v. Loomis Armored Car, Inc.*, 626 F. Supp. 218, 219 (W.D. Wash. 1986). As a result, it found that "an arbitration award is completed for purposes of this section when the arbitration award resolves all issues except for attorneys' fees and costs." *Id.* It bears noting that if the court in *Loomis* analogized to court proceedings, the more closely-related context of the FAA would be at least as relevant. And *Loomis* itself is consistent with FAA cases in which a bifurcated decision between the merits and attorneys' fees was final. *See Goldman v. Architectural Iron Co.*, No. 01 CIV 8875 DLC, 2001 WL 1705117, at *4 (S.D.N.Y. Jan. 15, 2001), *aff'd*, 306 F.3d 1214 (2d Cir. 2002) (finding that arbitrator's decision was final where parties had agreed to bifurcate merits and attorneys' fees).

The Minnesota District Court decision in *Genz-Ryan* is also consistent with the FAA standard. *Genz-Ryan* deemed itself consistent with *Loomis*, in which "the arbitration award 'resolve[d] all issues' in dispute between the parties" by resulting in a finding of no liability. *Genz-Ryan*, 207 F. Supp. 3d at 1042. This formulation of completeness is akin to the FAA context, where in order to be final: "an arbitration award must be intended by the arbitrators to be

11

their complete determination of all claims submitted to them." *Michaels*, 624 F.2d at 413–14.

Finally, the Secretary of Labor's regulations implementing § 1401 also provide some limited guidance. Though the regulations do not address the "upon completion of the arbitration proceedings" lanugage specifically, they do define the "Close of proceedings" for the purposes of making an award determination as follows: "the proceedings are closed on the date on which the last brief or reply brief is due or, if no briefs are to be filed, on the date on which the hearing or rehearing closes." 29 C.F.R. § 4221.8(f). After this point, the arbitrator has thirty days to render an award. *Id.* § 4221.8(b). The award becomes final once the 20-day period for seeking reconsideration, *id.* § 4221.9(a), has expired. *Id.* § 4221.8(b). This too is consistent with FAA cases under which parties choose to bifurcate proceedings and submit a separate issue to the arbitrator, who then reaches an award.

Having reviewed these various sources, the Court is not convinced that §1401(b)(2)'s completion requirement and this circuit's FAA jurisprudence on finality in the arbitration context are inconsistent. And even if they were not directly controlling of the issue, the FAA cases in this circuit provide persuasive authority for interpreting the relatively unexamined question of when arbitration is complete under § 1401(b)(2). Not only did Congress indicate that arbitration in the two contexts was closely related through § 1401(b)(3), but the decades of judicial refining of the finality standard in the FAA context, balancing the value of arbitration with the importance of judicial review, render it a particular apt point of comparison for establishing a workable standard.

### ii. The Arbitrator Reached a Final Decision on the Submissions of the Parties

As noted above, the Second Circuit has treated arbitrations as final where the parties have agreed to bifurcate the disposition of separate issues. *See Trade & Transp., Inc. v. Nat.*

*Petroleum Charterers Inc.*, 931 F.2d 191, 195 (2d Cir. 1991) (finding that a determination on liability was final where parties requested a bifurcated decision on liability and damages, and where both parties and arbitrator intended the liability decision to be final); *Andrea Doreen, Ltd. v. Bldg. Material Local Union 282*, 250 F. Supp. 2d 107, 112 (E.D.N.Y. 2003) (finding that a determination on liability was final where parties agreed that liability would be adjudicated separately from remedy); *Goldman v. Architectural Iron Co.*, 2001 WL 1705117, at *4 (bifurcation between merits and attorneys' fees produced final determination on merits); *Employers' Surplus Lines Ins. Co. v. Glob. Reinsurance Corp.-U.S. Branch*, No. 07 CIV. 2521 (HB), 2008 WL 337317, at *4–5 (S.D.N.Y. Feb. 6, 2008) (distinguishing for finality purposes a situation where "the parties did not ask the Arbitrator to make an immediate determination of liability or otherwise to bifurcate the proceedings"); *see also Rocket Jewelry*, 157 F.3d at 176–77 ("[A]n award is final when it resolves the issues presented for arbitration and does not determine other issues beyond its delegated scope of authority, even when those other issues are relevant to the same transaction giving rise to the issues that the arbitration did address." (citing *United States v. American Society of Composers, Authors & Publishers (In re Karmen)*, 32 F.3d 727, 732–33 (2d Cir.1994))). If an arbitrator finally resolves a separate issue that the parties have bifurcated from the others and submitted to arbitration, that decision is final and complete for the purposes of review.

In this case, the parties fully submitted a specific issue for the arbitrator to review separately, which he then did, reaching a final determination on the applicability of § 4225. Plaintiff submitted a number of other arguments in its Demand for Arbitration. *See* Ex. G at 2, 26-35. But the parties stipulated that the other issues would be "held in abeyance" while the arbitrator determined the § 4225 issue. Ex. I at 2. The parties submitted a list of undisputed facts

13

and briefing on which the arbitrator was to make his determination on this specific issue. Ex. J. at 2-18. The arbitrator then reached a final decision on the legal question of the applicability of § 4225 to any of Carole Wren's partial withdrawals. *Id.* at 19-21. It is true that this issue was less naturally independent than the questions of liability and damages or merits and attorneys' fees that were the subject of bifurcation in the above cases. Nonetheless, the "parties have asked the arbitrator[] to make a final partial award as to a particular issue and the arbitrator[] ha[s] done so . . . ." *Trade & Transp.*, 931 F.2d at 195. The arbitrator has therefore resolved the issue submitted to arbitration and has resolved it definitively enough that it did not stand in need of further adjudication. *Rocket Jewelry*, 157 F.3d at 176. The arbitrator's determination was therefore final and complete.

Since this Court has determined that this circuit's FAA caselaw is—at the very least—persuasive authority with respect to the meaning of "upon completion" under § 1402(b)(2), the Court concludes that the arbitrator's separate resolution of an issue that the parties expressly bifurcated for disposition independently of all other issues was sufficiently complete to permit this Court's review.

### iii. This Court May Review Questions of Law Under the MPPAA

In its reply briefing, Defendant advanced for the first time the argument in the alternative that if the FAA did apply, this Court should dismiss Plaintiff's complaint for failure to state a proper grounds for vacatur under the FAA. Typically, "[a]rguments made for the first time in a reply brief need not be considered by a court." *Playboy Enterprises, Inc. v. Dumas*, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997), *aff'd*, 159 F.3d 1347 (2d Cir. 1998) (citing cases). However, a district court has broad discretion to consider such arguments. *Dixon v. NBCUniversal Media, LLC*, 947 F. Supp. 2d 390, 396 (S.D.N.Y. 2013) (citing cases). And a court will generally

14

consider arguments raised for the first time in reply if they are responses to the other party's opposition. *See Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226–27 (2d Cir. 2000). In this case, Defendant's argument could be understood as a reply to Plaintiff's argument in its response that the FAA applied here.

Defendant argues that if the FAA applies here, then judicial review should be limited to the review allowed under the FAA, which it contends does not include vacatur for legal error. Defendant is mistaken, however, that a finding that the FAA applied to the definition of "completion" would necessarily entail the FAA entirely supplanting the MPPAA's scope and standard of judicial review. First, the two questions are conceptually distinct. *See Penske Logistics LLC*, 784 F.3d at 216 (noting that the FAA provides the mechanisms for conducting arbitration, but that the mechanisms for review are provided by the MPPAA). Second, the standard and scope of review are well defined in the MPPAA context, in a manner that is inconsistent with the FAA. Under the MPPAA, this court may review legal questions as "unlike the [FAA], the MPPAA treats an award issuing from such a § 1401 arbitration like an agency determination—the arbitrator decides the issues in the first instance *but then the decision is subject to judicial review.*" *Id.* at 217 (quoting *Bd. of Trustees, Sheet Metal Workers' Nat. Pension Fund v. BES Servs.*, Inc., 469 F.3d 369, 375 (4th Cir. 2006) (emphasis in the original)); *see also Republic Indus., Inc. v. Teamsters Joint Council No. 83 of Virginia Pension Fund*, 718 F.2d 628, 641 (4th Cir. 1983) (stating that § 1401 provides "clear authorization" of a "right to review an arbitrator's legal rulings"). Once an arbitration is complete, any party may bring an action in district court to "to enforce, vacate, or modify the arbitrator's award." 29 U.S.C. § 1401(b)(2). And once on review, the Second Circuit has held that questions of law are reviewed de novo. *HOP Energy, L.L.C. v. Local 553 Pension Fund*, 678 F.3d 158, 160 (2d Cir. 2012).

Therefore, once the arbitration was complete, it was properly subject to judicial review for legal error.

## IV. Conclusion

Plaintiff's request for oral argument is hereby DENIED. For the reasons set forth above, Defendant's motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim are hereby DENIED. This resolves items 14 and 20 on the docket in this case.

SO ORDERED.

Dated: September 28, 2018
       New York, New York

_____
ALISON J. NATHAN
United States District Judge